**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| PABLO A. DAMIANI, | : | |
| | : | Civil Action |
| Plaintiff, | : | 11-213 (RMB-AMD) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| PHILIP MORGAN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    PABLO A. DAMIANI, Plaintiff pro se
    Howard R. Young Correctional Institution
    Wilmington, Delaware 19809

**Renée Marie Bumb, District Judge**

    Plaintiff Palbo A. Damiani ("Plaintiff"), a pretrial detainee at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, who proceeds pro se and has been granted leave to proceed in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. BACKGROUND

Plaintiff, a pretrial detainee, was housed on a pod with sentenced inmates. Plaintiff and a sentenced inmate "got into a fight" as they "should not have been housed on the same pod." Plaintiff had not experienced physical and emotional abuse prior to the incident and now experiences emotional distress. Plaintiff named Warden Philip Morgan ("Morgan") and Deputy Warden Mark Emig ("Emig") as Defendants because they are in charge of properly running the institution. He names Major Phil Parker ("Parker") as a Defendant because he is in charge of the security of the institution. Plaintiff seeks one million dollars in compensatory damages and a transfer to a different institution. (D.I. 3.)

## II. STANDARDS FOR SUA SPONTE DISMISSAL

The Court must dismiss, at the earliest practicable time, certain prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as

true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standards for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1) are identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1]  Id. at 211.

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. DISCUSSION**

   **A. Respondeat Superior**

Plaintiff appears to have filed suit against Defendants based upon their supervisory positions. For example, he alleges that Morgan and Emig are in charge of the institution and Parker is in charge of security.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 129 S.Ct. at 1944 (citations omitted). "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. The Iqbal Court ultimately observed that "[i]n a § 1983 suit — where masters do not answer

---

short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

for the torts of their servants — the term 'supervisory liability' is a misnomer." Id. at 1949.

In addition other than alleging that they are responsible for running and overseeing the HYRCI, the allegations fail to allege personal involvement on behalf of Defendants. As discussed above, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

The claims against Defendants claims are not viable under § 1983 and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B. Conditions of Confinement**

Plaintiff alleges unlawful conditions of confinement based upon his housing assignment. "[W]hen pretrial detainees challenge their conditions of confinement, the Court considers whether there has been a violation of the Due Process Clause of the Fourteenth Amendment." Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008). The "proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). To determine whether challenged conditions of confinement amount to punishment, the Court considers that "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it

does not, without more, amount to punishment.'" Bell, 441 U.S. at 539; Stevenson v. Carroll, 495 F.3d 62, 67 (3d Cir. 2007).

Plaintiff alleges that, as a pretrial detainee, he should not have been housed on a pod with sentenced inmates. District Courts in the Third Circuit have found that unless the State has an intent to punish, or displays deliberate indifference toward potential harm to an inmate, pre-trial detainees have no liberty interest in being housed separately from sentenced inmates. See Yelardy v. Green, Civ. No. 03-1032-GMS, 2010 WL 2382455 (D. Del. June 14, 2010); Faulcon v. City of Philadelphia, 18 F. Supp. 2d 537, 540 (E.D. Pa. 1998); Chapman v. Guessford, 924 F.Supp. 30, 33 (D. Del. 1996); Hoover v. Watson, 886 F.Supp. 410, 417 (D. Del. 1995), aff'd, 74 F.2d 1226 (3d Cir. 1995). In other words, prison officials may not place a pretrial detainee in certain housing conditions if their intent is to punish the detainee, or if they are deliberately indifferent to the safety of the detainee in making their decision. See Taylor v. Plousis, 101 F. Supp. 2d 255, 269 (D.N.J. 2000).

Here, Plaintiff alleges that because he was housed on a pod with sentenced inmates, he "got into a fight" with a sentenced inmate. He does not allege that he was physically injured in the altercation, although he now suffers from emotional distress. Nor does he allege that Defendants had any advanced knowledge that the sentenced inmate might harm Plaintiff, that Defendants

intended to punish Plaintiff by housing him on a pod with sentenced inmates, or that Defendants acted with deliberate indifference to the risk that he might suffer serious harm.

Even when reading the Complaint in the most favorable light to Plaintiff, he fails to state an actionable constitutional claim against Defendants. Accordingly, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IV. CONCLUSION**

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint is futile.

An appropriate Order accompanies this Opinion.

                                          s/Renée Marie Bumb
                                          **Renée Marie Bumb**
                                          **United States District Judge**

Date: July 14, 2011